IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-305-D

| | | |
|---|---|---|
| INDUSTRIAL, TECHNICAL, AND PROFESSIONAL EMPLOYEES UNION, OPEIU LOCAL 4873, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| ACCESS SERVICES, INC., and FRANKLIN JOHNSON, President, | ) ) ) ) | |
| Defendants. | ) | |

On July 24, 2019, Industrial, Technical, and Professional Employees Union OPEIU Local 4873 ("plaintiff" or "OPEIU") filed a complaint against Access Service, Inc. ("ASI") and Franklin Johnson ("Johnson"; collectively, "defendants") and sought damages from defendants for violating section 301(a) of the Labor Management Relations Act ("LMRA") and for conversion [D.E. 1]. Defendants did not respond. On November 11, 2019, OPEIU moved for entry of default against defendants [D.E. 11]. Defendants did not respond. On December 10, 2019, the court entered default against defendants [D.E. 12]. Defendants did not respond. On January 3, 2020, OPEIU moved for a default judgment against defendants [D.E. 13] and filed a memorandum in support [D.E. 13-1]. Defendants did not respond. On January 29, 2020, the court entered default judgment against defendants in the amount of $6,770. See [D.E. 14]. On February 25, 2020, the court awarded OPEIU $671.40 in costs [D.E. 16].

On February 27, 2020, defendants moved to vacate the default judgment [D.E. 20] and filed a memorandum and affidavit in support [D.E. 21, 22]. On March 11, 2020, OPEIU responded in

opposition [D.E. 23]. On March 25, 2020, defendants replied [D.E. 24]. As explained below, the court denies defendants' motion.

I.

A party moving for relief from default judgment under Rule 60(b) of the Federal Rules of Civil Procedure must first demonstrate that its motion is timely, that it has a meritorious claim or defense, that the nonmoving party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances justify relief. See, e.g., United States v. Welsh, 879 F.3d 530, 533 (4th Cir. 2018), cert. denied, 139 S. Ct. 1168 (2019); Robinson v. Wix Filtrate Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Werner v. Carbo, 731 F.2d 204, 206–07 (4th Cir. 1984).[1] If the moving party meets it initial burden, then the moving party also must "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266; see Welsh, 879 F.3d at 533.

A.

To demonstrate that its motion is timely under Rule 60(b), defendants must show that they moved for relief "within a reasonable time . . . no[t] more than a year after the entry of judgment." Fed. R. Civ. P. 60(c); see Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 300 (4th Cir. 2017); Moses v. Joyner, 815 F.3d 163, 166 (4th Cir. 2016); Werner, 731 F.2d at 207 n.1. Defendants filed their motion 29 days after the court entered the default judgment. Thus, defendants' motion is timely. See Wells Fargo Bank, 859 F.3d at 300.

As for a meritorious defense, defendants must make "a proffer of evidence which would

---

[1] Defendants sought relief under Rule 55(c) of the Federal Rules of Civil Procedure. See [D.E. 21] 1–4. Even though plaintiff's response notified defendants that defendants should have sought relief under Rule 60, see [D.E. 23], defendants never analyzed Rule 60. See [D.E. 24].

2

permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988); see Cent. Operating Co. v. Util. Workers of Am., 491 F.2d 245, 252 n.8 (4th Cir. 1974); Hummel v. Hall, 868 F. Supp. 2d 543, 561 (W.D. Va. 2012). "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." Augusta Fiberglass, 843 F.2d at 812 (alterations and quotation omitted). Although defendants cannot rely on bare allegations of a defense, the burden of proof is less than a preponderance and requires only "mere assertion of facts constituting a meritorious defense in an original complaint." Cent. Operating Co., 491 F.2d at 252 n.8; see Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969); Ebersole v. Kline-Perry, 292 F.R.D. 316, 321 (E.D.Va. 2013).

Defendants argue that they have a meritorious defense arising from their partial payments to and constant communication with OPEIU concerning their debt and that Johnson acted in good faith by making partial payments to OPEIU over nine months. See [D.E. 21] 2. OPEIU responds that defendants embezzled union dues and admit that they owe the debt. OPEIU also argues that periodic payments and settlement discussions do not excuse the failure to respond to the lawsuit or pay the money owed, particularly given that OPEIU expressly advised defendants that OPEIU would seek entry of default and a default judgment. See [D.E. 23] 5–9.

Defendants have failed to proffer evidence which would permit a finding in their favor or would establish a valid counterclaim. Thus, this factor supports OPEIU.

As for unfair prejudice, OPEIU suggests that it will suffer continued litigation costs, both in time and money, if the court vacates its judgment. The court, however, need not resolve the issue of unfair prejudice. Although the court must "give some . . . consideration" to unfair prejudice, this factor is "not controlling." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979); see Gray,

3

1 F.3d at 265; Specialized Loan Servicing, LLC v. Devita, No. 5:18-CV-283, 2019 WL 6655405, at *3 (E.D.N.C. Mar. 14, 2019) (unpublished).

As for extraordinary circumstances, "[i]n determining whether to [grant a Rule 60(b) motion], the courts must engage in the delicate balancing of the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of all the facts." Compton, 608 F.2d at 102 (quotation omitted); see Welch, 879 F.3d at 536. Defendants fail to directly address this factor, but it favors OPEIU. OPEIU filed a complaint against defendants and defendants essentially ignored the lawsuit. That the parties were engaged in settlement discussions does not excuse defendants' conduct. See Carmain v. Dir. of the Fed. Emergency Mgmt. Agency, No. 93-36-CIV-2-BO, 1996 U.S. Dist. LEXIS 6546, at *18–19 (E.D.N.C. Apr. 5, 1996) (unpublished). Accordingly, defendants fail to satisfy the threshold requirements of Rule 60(b).

B.

Alternatively, defendants are not entitled to relief under Rule 60(b)(1). Under Rule 60(b)(1), the court "may relieve a party . . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); see Robinson, 599 F.3d at 412; Augusta Fiberglass, 843 F.2d at 811–12; Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). Failure to respond to court filings might constitute excusable neglect in certain circumstances. See Augusta Fiberglass, 843 F.2d at 811–12; Park, 812 F.2d at 896–97. If the court attributes a party's failure to respond to its lawyer, the failure can be excusable. See Augusta Fiberglass, 843 F.2d at 812. If the court finds that a party "fail[s] to offer . . . any excuse at all [] for its failure to respond" to court filings, the failure is not excusable. Park, 812 F.2d at 897. Defendants fail to offer any valid excuse concerning why they did not respond to plaintiff's

4

complaint or subsequent filings, including the entry of default on December 10, 2019. See [D.E. 12]. Accordingly, defendants are not entitled to relief under Rule 60(b)(1).

II.

In sum, the court DENIES defendants' motion to vacate the entry of default judgment [D.E. 20].

SO ORDERED. This _4_ day of May 2020.

JAMES C. DEVER III
United States District Judge